# Heydrick's Appeals.

1. A. who was executor of B., and administrator of the estate of C. the wife of B., filed his account, at the same time. Under B.'s will C. was entitled to a life interest in his estate. A., as administrator of C.'s estate claimed credit, in his account, for the balance due from him to B.'s estate, claiming that B. had received that amount from him in her life time and had used it as her own. He was himself the only witness offered to prove his claim.

> *Held*, that A. had " an interest in the subject matter of controversy " and therefore was not rendered a competent witness by the Act of March 27th, 1865 (P. L. 38), to prove the credit claimed.

April 21st, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.　GREEN, J., absent.

APPEAL of Charles Heydrick, surviving executor of the will of Samuel Heydrick deceased, from the decree of the Orphans' Court of *Montgomery county*: Of January Term 1885, No. 46, and—

APPEAL of Charles Heydrick, administrator of the estate of Leanna Heydrick, deceased, from the decree of the Orphans' Court of *Montgomery County*: Of January Term 1885, No. 47.

These two appeals were argued together and arose upon the settlement of the account of Charles Heydrick, surviving executor of the last will of Samuel Heydrick, deceased, and of the account of said Charles Heydrick, administrator of the estate of Leanna Heydrick, deceased.

Both accounts were referred to Franklin March, Esq., as Auditor, before whom the facts appeared as follows: Samuel Heydrick died in 1850, leaving a last will and testament, and Chas. Heydrick and Leanna, his wife, executors. The testator directed his just debts to be paid, and provided further that Leanna, his wife, should have the income of the whole of his estate during her natural life, with remainder to legatees and heirs named in said will.

The executors filed an account on the 15th day of January, 1851, signed and sworn to by Charles Heydrick only, in

which they exhibit a balance of money due the estate of said testator, amounting to $1,028.38.

Leanna Heydrick, the wife and co-executrix of the testator, died March 1st, 1882, intestate, owning personal and real estate. Letters of administration upon her estate were duly granted to the said Charles Heydrick. On the 4th day of May, 1883, Charles Heydrick filed the final account as surviving executor of the estate of Samuel Heydrick, accounting for the money shown to be due said testator's estate by the first account filed January, 1851, with interest due thereon amounting to $1,073.84, and claiming credits amounting to $186.00, exhibiting a balance of 887.84.

Chas. Heydrick, administrator of the estate of Leanna Heydrick, deceased, filed his final account, May 4th, 1883, accounting for personal estate,    .    .    .    .    .    $ 143.98
and proceeds of real estate sold,    .    .    .    .    2850.00

Total,    .    .    .    .    .    .    .    $2993.98

And claimed a credit of the estate of Leanna Heydrick for the sum of $1073,84 in favor of the estate of Samuel Heydrick, which he contended had been in the hands of Leanna Heydrick during her lifetime as a part of the estate of her husband, Samuel Heydrick, and had been used by her as part of the purchase money of the real estate owned by her. The only testimony upon the point was that of Charles Heydrick himself, but the Auditor decided that he was not a competent witness and accordingly excluded his testimony and distributed the balance of Samuel Heydrick's estate, viz, $887.84, according to the terms of his will to the legatees named in it. And also surcharged the accountant administrator of the estate of Leanna Heydrick with the $1073.84, claimed as a credit, and proceeded to distribute the balance among the parties entitled.

Charles Heydrick filed exceptions to the report of the Auditor in both cases, which were overruled by the Court, (BOYER, P. J.,) who entered a decree confirming the reports of the Auditor, whereupon Charles Heydrick took these appeals assigning for error the decree of the court dismissing his exceptions filed to the Auditor's reports.

*Theodore W. Bean*, for the appellant.—Charles Heydrick has no personal interest in the estate of Samuel Heydrick, or Leanna Heydrick; in the first, he is executor, in the second he is administrator, in both he is a trustee. He is not a devisee, or a legatee, or creditor of the testator, nor heir or creditor of his decedent, Leanna Heydrick. Having no personal interest in either estate, and being a trustee in both, he is

a competent witness under the Act of Assembly of March 27th, 1865: Cox *v.* McKean, 6 P. F. S., 243; Drum *v.* Simpson, 6 Bin., 481; Chrisman *v.* Siegfried, 5 W. & S., 400; Kifer *v.* Brenneman, 1 Barr, 452; Snyder *v.* Bull, 5 Harris, 54; Packer *v.* Noble, 7 Out., 188; Zuver *v.* Clark, 8 Id., 222; Babb *v.* Clemson, 12 S. & R., 328; Ash *v.* Patton, 3 S. & R., 300; King *v.* Cloud, 7 Barr, 467; Keim *v.* Taylor, 1 Jones, 163.

*George W. Rogers,* (with whom was *William F. Dannehower*), for appellees in Samuel Heydrick's estate, No. 46, and in Leanna Heydrick's estate, No. 47.

*Neville D. Tyson* (with whom were *T. J. Day, H. B. Dickinson* and *George N. Corson*), for appellees in Leanna Heydrick's estate.

Mr. Justice PAXSON delivered the opinion of the court, in both cases, June 4th, 1885.

APPEAL OF CHARLES HEYDRICK, SURVIVING EXECUTOR OF SAMUEL HEYDRICK, DECEASED.

The court below was clearly right in holding that the appellant was an incompetent witness. It is true he was not a devisee, legatee or creditor of the estate of either Samuel Heydrick or Leanna Heydrick; of the first estate he is the executor, of the other the administrator; he is a trustee and has no interest in either estate. But he seeks to relieve himself from liability to the estate of Samuel Heydrick for a sum of money which by his account as executor, filed and confirmed, he has thus solemnly admitted to be in his hands, by showing that the money was in the hands of Leanna Heydrick, his co-executrix; and that said money had been used by her in the purchase of certain real estate. This he may do, but not by his own testimony. He has the direct interest of casting his own burden upon some one else. For this reason the Act of 27th, March, 1865, P. L. 38, does not apply. That Act contains an exception as to all executors, administrators, trustees or other persons acting in a fiduciary or representative character, who have "any interest in the subject matter of controversy." It will be noticed that the words "any interest in the subject matter of controversy" are much broader than an interest in the estate. There does not appear to be any controversy here as to the distribution; the controversy is whether the money to be distributed is in the hands of the accountant or of some one else. In this respect the case differs from Cox *v.* KcKean, 6 P. F. S., 243. There Cox, the trustee, was not offered as a

witness to discharge himself from payment of or responsibility for the trust money in his hands. He stood indifferent between his *cestuis que trustent* and the administrator of Kine, and was properly held to be a competent witness.

It may be the facts are as the appellant contends. If so it is his misfortune that he has no competent evidence to prove them; it is his own fault in transacting the business in a loose way, and we cannot remedy his want of care. To make law to meet hard cases is not among the recognized duties of the judiciary.

As there is no testimony in the case to sustain the appellant's contention, the court below committed no error in confirming the report of the Auditor, and in ordering distribution in accordance therewith.

This is all there is in the case and elaboration would not make it plainer.

The decree is affirmed and the appeal dismissed at the costs of the appellants.

#### APPEAL OF CHARLES HEYDRICK, ADMINISTRATOR OF ESTATE OF LEANNA HEYDRICK.

In this case the accountant sold the real estate of his intestate, and in his account claimed a credit for the sum of $1073.48, which he says was the trust money belonging to the estate of Samuel Heydrick, deceased, and which his intestate as executrix of said estate kept in her hands, and invested in the purchase of said real estate. But the accountant could only prove this by his own testimony, which the court below rejected. In the appeal of the accountant as executor of Samuel Heydrick we have just decided that he was an incompetent witness. He is equally incompetent in this estate and for the same reason, viz: that the effect of his testimony is to relieve himself from this liability and cast it upon Leanna Heydrick's estate. We need not repeat what was there said.

The decree is affirmed and the appeal dismissed at the costs of the appellant.