STATE OF NEBRASKA V. SAMUEL CHICHESTER.

[FILED FEBRUARY 3, 1891.]

Village Elections: ILLEGAL VOTING. *Held,* That illegal voting at a village election is not punishable under the provisions of sections 181 and 182 of the Criminal Code.

EXCEPTIONS to the district court for Gage county, BROADY, J., presiding. Filed under the provisions of sec. 515 of the Criminal Code.

*Hugh J. Dobbs,* for plaintiff in error, cited: Sedgwick, Statutory Construction, 282, 358; *Rex v. Inhabitants,* 1 T. R. [Eng.], 96; *Matter of Schooner Industry,* 1 Gall. [U. S.], 114, 117, 118; *U. S. v. Athens Armory,* 35 Ga., 344; *U. S. v. Winn,* 3 Sumner [U. S.], 209–11–12; *Commonwealth v. Martin,* 17 Mass., 359, 362, 363; *Com. v. Loring,* 8 Pick. [Mass.], 370, 374; *Com. v. Dana,* 2 Met. [Mass.], 329; *People v. Warner,* 4 Barb. [N. Y.], 314; *Com. v. Cone,* 2 Mass., 132; *Cummings v. Com.,* 2 Va. Cas., 128; *People v. Flanders,* 18 Johns. [N. Y.], 164; *Quarles v. State,* 5 Humph., [Tenn.], 561; *Givens v. Rogers,* 11 Ala., 545; *Com. v. King,* 9 Cush. [Mass.], 284; *Olive v. State,* 11 Neb., 13.

*R. S. Bibb,* contra, cited: *State v. Dodge Co.,* 10 Neb., 20; *Fletcher v. Sondes,* 3 Bing. [Eng.], 580; *U. S. v. Morris,* 14 Pet. [U. S.], 464; *U. S. v. Wiltberger,* 5 Wheat. [U. S.], 76; *U. S. v. Sheldon,* 2 Id., [U. S.], 119; *Ferritt*

*v. Atwill,* 1 Blatch. [U. S.], 151, 156; Sedgw., Stat. & Const. Law, 324, 326, 334; 1 Bishop, Cr. Law, secs. 134, 145; *U. S. v. Clayton,* 2 Dill. [U. S.], 224; *Newell N. Mill Co., v. Muxlow,* 21 N. E. Rep. [N. Y.], 1048; *Nettles v. State,* 49 Ala., 35.

NORVAL, J.

An information was filed in the district court of Gage county charging the defendant with unlawfully voting at an election held in the village of Filley, in said county, on the 1st day of April, 1890.

The information charges "That Samuel Chichester, late of the county aforesaid, on the 1st day of April, A. D. 1890, in the county of Gage and state of Nebraska aforesaid, then and there being and not having actually resided in the village of Filley, in said county of Gage and state of Nebraska, the same being an incorporated village under the laws of the state of Nebraska for three months next preceding the annual election held in said village, on said day did unlawfully, willfully, and purposely vote in said village at said election, on the day aforesaid, such election being then and there duly authorized by the laws of this state."

A general demurrer to the information was sustained, and the state excepted to the ruling of the court. The county attorney brings the case to this court for review under section 515 of the Criminal Code.

The question presented for decision is whether illegal voting at village elections is punishable under the provisions of section 182 of the Criminal Code.

Section 61, article 1, chapter 14, Compiled Statutes, prescribes the qualifications of those entitled to vote at elections held in villages and cities of the second class. It is required that the person be a qualified elector of the state, and a resident of the city or village for three months preceding any election therein.

Section 182 of the Criminal Code, under which this prosecution was brought, provides that "any person who shall vote in any precinct, or in any ward of a city in this state, in which he has not actually resided ten days, or such length of time as required by law, next preceding the election, or into which he shall have come for temporary purposes merely, shall be fined in any sum not exceeding five hundred dollars nor less than fifty dollars, and imprisoned in the jail of the proper county not more than six months."

The language used in expressed terms defines the offense of illegal voting in a precinct, and city, and prescribes the punishment therefor. Village elections are not specifically mentioned in the section, and unless the word "precinct" used therein includes and embraces the word "village," it is obvious that the legislature has failed to impose a penalty for illegal voting at village elections.

The section being a penal one must be strictly construed. The intention of the law-maker in enacting it must be determined by giving the words their ordinary and popular signification. The words village and precincts are unlike in their meaning. A village is a municipal corporation created for the purpose of local government and may sue and be sued. A precinct is a political subdivision of a county possessing no corporate powers. We conclude therefore that the word precinct as used in the section does not include a village.

It is claimed by the learned county attorney that when sections 181 and 182 are construed together, " They cover every species of illegal voting at any election authorized under the laws of this state."

Section 181 provides that " The provisions of this chapter shall apply to all elections authorized by the laws of this state." It may be observed that chapter XIX of the Criminal Code, which contains this section, embraces several sections, each relating to offenses against the election laws. The sole purpose of the legislature in enacting sec-

tion 181 was to make the provisions of the chapter apply to all kinds of elections, special as well as general, held in any of the political subdivisions enumerated in the chapter for any purpose authorized by law; but it was not intended to extend its provisions to elections held in any political subdivision of a county not therein enumerated. There is no law or statute in this state making illegal voting at village elections a crime. The need of such a law must be conceded, but it cannot be supplied by judicial interpretation. That would be legislation, which is placed upon another department.

The exceptions taken to the sustaining of the demurrer to the information must be overruled.

JUDGMENT ACCORDINGLY.

THE other judges concur.