(76 South. 710)

Nos. 22753, 22754.

STATE v. HAAS et al.

SAME v. BABCOCK et al.

(Oct. 29, 1917.)

*(Syllabus by the Court.)*

ELECTIONS ⬡➡313—PRIMARY ELECTIONS—ILLEGAL VOTING—STATUTE.

Act No. 130 of 1916 has no application to primary elections, and provides no penalty for illegal voting thereat.

Appeal from Thirtieth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

Henry Haas and Carter Ballard and Steve Babcock and others were indicted for offenses under the election laws. Cases consolidated, and from judgments quashing the bills of information the State appeals. Judgments affirmed.

A. V. Coco, Atty. Gen., and C. W. Flowers, Dist. Atty., of Jena (Vernon A. Coco, Asst. Atty. Gen., of counsel), for the State. S. L. Richey, of Alexandria, for appellees.

MONROE, C. J. The state prosecutes these appeals from judgments quashing, upon the ground that they do not charge a crime under the laws of the state of Louisiana, the bills of information under which defendants are prosecuted, and which (mutatis mutandis) read, so far as it need be here shown, as follows:

"That one Henry Haas and Carter Ballard, * * * on or about the 27th day of February, * * * 1917, * * * did willfully, maliciously, and knowingly vote at a primary election held at Urania precinct, of ward 2, La Salle parish, La., which said primary election was legally ordered by the Democratic executive committee of La Salle parish, La., to be held, and was so held, on the 27th day of February, 1917, at said precinct, the said Henry Haas and Carter Ballard knowing at the time that they were not qualified voters at said election and precinct by reason of the fact that they had not registered legally to vote at said election and precinct, contrary to the form of the statutes," etc.

Defendants contend that Act 35 of 1916 does not cover the alleged offense, and that it was the only law, applicable to primary elections, that was in force at the date of the election to which the informations refer.

Counsel for the state say, in their brief:

"It is clear that defendants were not charged with having violated this particular section [the section thus referred to being section 32 of Act 35 of 1916].

"But [say they], irrespective of any grounds advanced by the district attorney in the lower court these defendants are charged, in no (?) unmistakable language, with having violated section 42 of Act 130 of 1916, which provides

[and they reproduce the section 42, which, being rather long, we omit].''

Act 35, approved June 26, 1916, contains 42 sections, and is devoted exclusively to the regulation of primary elections. Section 32 denounces a penalty for illegally offering to vote at any such election, but the act provides no penalty for illegally voting. Act 130, approved July 5, 1916, contains 81 sections, which are devoted exclusively to the subject of elections at which candidates are elected to office, instead of being nominated to office, save that it contains certain provisions concerning "nominations * * * by nomination papers"; the words "primary," or "primary elections," not appearing in the act. It, manifestly, has no application to the primary election, for which, as, no doubt, it was supposed, ample provision had been made in the act which had been approved about nine days before.

Judgment affirmed.