## BABBITT v. STATE.

(No. 923; Decided August 17th, 1918; 174 Pac. 188.)

ELECTIONS—PRIMARY ELECTIONS—DEFACEMENT OF BALLOT—INDICT-MENT AND INFORMATION—CERTAINTY OF ALLEGATIONS—INTEND-MENT OR IMPLICATION—OFFENSES—SUFFICIENCY OF INDICTMENT.

1.  Compiled Statutes, 1910, Section 2310, prescribing a penalty for the defacement or destruction of a ballot, was originally enacted as a part of Laws, 1890, Chapter 80, relating to general elections, and is confined in its operation to violations of that statute.  It does not apply to the defacement or destruction of a ballot used at a primary election for the selection of party candidates, held under Laws, 1911, Chapter 23, since the latter statute specifically defines what acts shall constitute a violation of its provisions.

2.  It is the general rule that the want of a direct, positive, and material allegation in the description of the substance, nature, or manner of the offense, cannot be supplied by any intendment, argument, or implication.

3.  Under Compiled Statutes, 1910, Section 6173, providing that an indictment charging an offense against election laws, and alleging that the election was authorized by law, was sufficient, without stating names of officers holding the election, persons voted for, and offices to be filled, an indictment that does not state names of officers holding election, persons voted for, and offices to be filled, is insufficient, if it does not allege that the election was authorized by law.

ERROR to District Court, Laramie County, HON. WILLIAM
C. MENTZER, Judge.

Orren C. Babbitt was convicted of defacing election ballots
and he brings error.

*H. Donzelmann,* for plaintiff in error.

The indictment is insufficient and fails to charge an offense
under the laws of the State. Where the definition of an
offense includes generic terms, it is not sufficient to charge
the offense in the terms as in the definition, but it must state
the species. (Archibold Crim. Pract. & Pleading, Vol. 1, p.
291; U. S. v. Cruckshank, 92 U. S. 544-548; Com. v. Fil-
burn, 119 Mass. 297; U. S. v. Carll, 105 U. S. 611; McCann
v. U. S., 2 Wyo. 274-296; 22 Cyc. 340; Wilcox v. State, 166
Pac. 74; McGinnis v. State, 16 Wyo. 72; Ellers v. State, 25
Ohio State Rep. 388; Wrights Rep. Vol. 1, p. 483; Dilling-
ham v. State, 5 Ohio State Rep. 284-285; U. S. v. Potter, 56
Fed. 89; U. S. v. Cook, 17 Wallace (U. S. S. Ct. Rep.) 174;
Williams v. State, 12 Tex. Court of Appeals, 395-401.) The
scienter must be alleged and proven. (U. S. v. Slenker, 32
Fed. Rep. 691-695; U. S. v. Carrl, 105 U. S. Rep. 611-612.)
It is only when the statute sets forth all the elements of the
offense that an indictment or information in the language of
the statute is sufficient. (McGinnis v. State, 16 Wyo. 72.)
If the indictment or information does not charge facts con-
stituting a crime, it will not be aided by intendment or impli-
cation. (State v. Jamison, 81 N. W. 594; State v. Potter,
28 Ia. 554.) The information in the present case does not
allege that the election was authorized by law and is there-
fore insufficient. (Section 6173 Comp. Stats. 1910.) It
should allege that there was an election lawfully held. (Ex
parte Rodiguez, 39 Tex. Rep. 705; Tipton v. State, 27 Ind.
492-493; Newel v. Commonwealth, 2nd Wash. Va. 88;
Reg. v. Vaile, 6 Cox C. C. 470; Reg. v. Hagne, 4 B. & S.
715.) A lawful ballot is defined by statute. (Comp. Stats.
1910, Sections 2180-2185.) No other ballots may be counted.
(Section 2187 Comp. Stats.) Official ballots are defined by
statute. (Laws 1911, Chapter 51, Section 8.) The infor-

mation does not charge an offense and the point was properly raised by motion in arrest. (McGinnis v. State, supra; Hoover v. State, 110 Ind. 349.)

*D. A. Preston,* Attorney General, and
*Wilfred O'Leary,* Deputy Attorney General.

The information charges an offense under Section 2310, Comp. Stats. 1910; it follows the language of the statute. The statute states all of the essential elements of the offense. An information in the language of the statute is sufficient. (14 R. C. L. 185; Cook v. State, 11 Ga. 53; Whiting v. State, 14 Conn. 487; Dickhant v. State, 85 Maine 451; Simmons v. State, 12 Mo. 268; Hess v. State, 5 Ohio 5, 11 L. R. A. 530; State v. Smart, 55 A. D. (S. C.) 683.)

*Sam M. Thompson,* County and Prosecuting Attorney, for Defendant in Error.

The word "deface" is not a generic term and, particularly as to the means of defacement, was unnecessary. (State v. Mundy, 2 Marv. (Del.) 429, 43 Atl. 260; Phelps v. People, 72 N. Y. 334; Pay v. Com. 55 S. W. 687, 21 Ky. L. Rep. 1562; State v. Tisdale, 39 La. Ann. 467; 2 So. 406; State v. Mass, 37 La. Ann. 292; State v. George, 93 N. C. 567; State v. Blease, 1 McMull (S. C.) 472; State v. Cantrell, 2 Hill (S. C.) 389; U. S. v. Hill, 28 Fed. Cases No. 16,730, Baldwn. 78.) It is unnecessary to explain in the information the meaning of words used in the statute. (Sterne v. State, 20 Ala. 43.) Matters of necessary inference need not be alleged. (Com. v. Caldwell, 14 Mass. 330; 22 Cyc. 303-304.) The exception could only be taken by motion to quash. (Wilbur v. Territory, 3 Wyo. 268; McGinnis v. State, 16 Wyo. 72; Koppala v. State, 15 Wyo. 398; Patrick v. State, 17 Wyo. 115.) The rule is that where a particular knowledge is essential to the commission of an offense, scienter must be averred unless the statement of the act itself implies knowledge of its illegality. (32 Cyc. 327-328; Stein v. State, 37 Ala. 123; State v. Graham, 38 Ark. 519; Com. v. Stout, 73 Mon. 247; Birney v. State, 8 Ohio 230.) Section 6173, Comp. Stats. 1910, does not require an allega-

tion in cases of this character, that the election was authorized by law, but simply says such allegations shall be deemed sufficient.   It makes no special reference to Section 2310, Comp. Stats. 1910.   The language of the statute was followed in framing the information and, in addition, it was charged that the defaced ballots had been voted at the primary election held in said county and State on the 22nd day of August, 1916.   This would seem a reasonable compliance with the rule.   It is unnecessary to allege that the ballots were official ballots, since we have in legal effect stated that said ballots were official ballots, as only official ballots can be voted at a primary election.   (Section 2214, Comp. Stats. 1910, subdivisions 1, 5, 17, 18 and 20; Sections 2229, 2231 and 2234, Comp Stats. 1910; Section 2187, Comp. Stats. 1910; Session Laws 1911, Chap. 51, Sec. 8.)   All facts necessary to constitute the offense must be charged.   (22 Cyc. 293.) We believe the information in the case at bar comes within the requirements and states every act necessary to constitue a valid charge under Section 2310, Comp. Stats. 1910.

BEARD, JUSTICE.

A criminal information was filed by the County and Prosecuting Attorney of Laramie County, in the district court of said county, in which information the plaintiff in error, Orren C. Babbitt, was charged as follows: (Omitting the formal parts) "that Orren C. Babbitt, late of the county aforesaid, on the 27th day of August, A. D. 1916, at the county of Laramie, in the State of Wyoming, did unlawfully and wilfully deface twenty ballots, which prior to being so defaced had been voted at the primary election held in said county and State on the 22nd day of August, A. D. 1916, contrary to the form of the statute," etc.   He entered a plea of not guilty, and upon trial the jury returned a verdict of guilty.   A motion for arrest of judgment on the ground that the facts stated in the information do not constitute an offense under the laws of the State of Wyoming was duly filed, was, by the court, denied, and judgment imposing a fine and imprisonment entered.   A motion for a new trial

assigning as error the denial of the motion for arrest of judgment and other grounds, not necessary to be here stated, was duly filed, which motion was also, by the court, denied. Plaintiff in error (defendant below) brings error.

The only question presented to this court for determination is whether or not the facts stated in the information are sufficient to constitute an offense punishable under the laws of this State. The section of the statute claimed by counsel for the State to have been violated is section 2310 of the Compiled Statutes of 1910, which reads as follows:

"Any person who shall falsely make or wilfully deface or destroy any certificate of nomination or nomination paper, or any part thereof, or any letter of withdrawal, or sign any such certificate or paper contrary to the provisions of the election laws of this State, or who shall file any certificate of nomination or nomination paper or letter of withdrawal, knowing the same or any part thereof to be falsely made, or who shall suppress any certificate of nomination or nomination paper, or any part thereof, which has been duly filed, or who shall forge or falsely make the official endorsement on any ballot, or who shall wilfully destroy or deface any ballot, or who shall wilfully delay the delivery of any ballots, shall be fined not exceeding one thousand dollars or be imprisoned in the county jail not more than one year, or both."

This section is found in Chapter 155, Comp. Stat. 1910, which chapter, together with chapters 143, 146, 147, 148, 149, 150, 151, 152, 153 and 154, as numbered in said Compiled Statutes, provide for and treat of general elections. Chapter 144 provides for special elections, and chapter 145 provided for the manner of calling and conducting conventions or primary meetings prior to the adoption of the primary election law in 1911, and which convention or primary meeting was defined, "an organized assemblage of electors or delegates representing a political party." (Sec. 2114, Comp. Stat.) Nothing contained in either of those chapters was or is applicable to the primary election at which the ballots alleged to have been defaced were voted. As originally enacted, the subjects embraced in the above stated chapters

were included in one Act, being chapter 80 of the Session Laws of 1890, entitled "An Act concerning elections and for other purposes." The first section of which provided, "There shall be held in the several voting precincts of Wyoming on the Tuesday next after the first Monday in November, in the year eighteen hundred and ninety, and on the Tuesday next after the first Monday in November, in each second year thereafter, a general election, at which the following officers shall be elected" (specifying the officers to be elected at such election). Said chapter 80 contained one hundred and eighty-four sections, and provided for the conducting of such general election, defining what should constitute offenses under the act, and prescribing the penalties therefor, among which were those included in section 170 of the act, which is now said section 2310, Comp. Stat. Said chapter 80, S. L. 1890, has been amended, and other provisions added thereto from time to time, but the time for holding the general election and the provisions of said section 170, remain unchanged; and it is clear that the ballot, the defacing of which was made a crime, was and is the ballot provided for and voted at such general election. It may be argued that the words "any ballot", as used in section 2310, when taken in connection with the language, "Contrary to the provisions of the election laws of this State," as it appears in the Compiled Statutes, is broad enough to include a ballot voted at a primary election. But the last quoted language is not the law as it was written by the legislature. In said section 170, it is "contrary to the provisions of this act," and specifically limits the offenses therein defined and the penalties imposed to violations of that act which treats of the general election in November only. The change in the wording of that section seems to have been made by the revisers in 1899, and by the compiler in 1910; but such changes so made can not affect the plain meaning and application of the law as written by the lawmakers. The election at which the ballots alleged to have been defaced were voted was not such an election as is therein defined, but was a primary election for the selection of candidates by the re-

spective political parties as provided for by Chapter 23, S. L. 1911, and the amendments thereto.   That act is entitled, "An Act providing for and regulating the holding of primary elections and nominations for office, and the government of political parties and organizations."   While that act provides for the holding of the primary election of the several political parties at the same time and by one set of officers, it is a separate election of such parties.   Separate ballots for each party are required and are to be printed on different colored paper, and no one affiliated with one party is permitted to vote the ballot of any other party.   It provides for the time of holding and the manner of conducting such primary election, but does not declare or provide that the penalties imposed for violations of the general election law shall apply to like violations of the primary law; but, on the contrary, it specifically, in sections 51 and 52 of the act, defines what acts by public officers or any other person shall constitute a violation of its provisions, and prescribes the punishment therefor; and it is significant that the defacing of a ballot is not one of the numerous acts therein prohibited, or for the doing of which a penalty is imposed.   The legislature having specifically defined what should constitute a violation of that law and having prescribed the penalty therefor, excludes the idea that it intended to include other acts not mentioned.   However necessary or desirable such a provision might be, it is for the legislature and not the courts to determine.   We are, therefore, of the opinion that section 2310, Comp. Stat. 1910, has no application to the primary election described in the information.   Our conclusion finds more or less support in the following cases:   George v. State, 18 Ga. App. 753, 90 S. E. 493;   Mark v. State, id.;   State v. Simmons, 117 Ark. 159, 174 S. W. 238;   State v. Hass et al., 142 La. 271, 76 So. 710;   People v. Foster, et al., 60 Misc. Rep. 3, 112 N. Y. Supp. 706;   State v. Woodruff, 68 N. J. L., 89, 52 Atl. 294;   Commonwealth v. Helm, 9 Ky. 532;   Hodge v. Bryan, 149 Ky. 110, 148 S. W. 21;   Dooley v. Jackson, 104 Mo. App. 21, 78 S. W. 330;   State v. Chichester, 31 Neb.

325, 11 L. R. A. 104; Commonwealth v. Wells, 110 Pa. St. 463, 1 Atl. 310.

It is contended that if said section 2310 applies to primary elections the information is fatally defective for want of material averments. It does not allege that the primary election at which the ballots charged to have been defaced were voted was an election authorized by law, and no facts are stated so showing. "It is a general rule that the want of a direct, positive and material allegation, in the description of the substance, nature or manner of the offense cannot be supplied by any intendment, argument or implication." (Joyce on Indictments, Sec. 246 et seq., and authorities cited in the notes.) In charging an offense against the election laws, it is necessary either to state the facts showing that the election was one authorized by law by stating the names of the officers holding the election, the persons voted for and the offices to be filled at such election, or to allege that such election was authorized by law. Section 6173, Comp. Stat. 1910, providing, "When any offense shall be committed in relation to any election, an indictment for such offense shall be deemed sufficient if it alleges that such election was authorized by law, without stating the names of the officers holding the election, or the persons voted for, or the offices to be filled at such election." That implies that if those facts are not alleged the indictment will be insufficient unless the substituted averment specified in the statute is used. The information in this case is also lacking in direct and positive allegations in other respects; but as we have already held that the section of the statute under which it was drawn is not applicable to such an election as is attempted to be described in the information, it is not necessary to pursue that question further. For the reason stated, the judgment of the district court is reversed and the cause will be remanded with direction to vacate the judgment; and, as no crime punishable under the statute is charged, to discharge the defendant.

*Reversed and remanded with directions.*

POTTER, C. J., and BLYDENBURGH, J., concur.