[No. 25353.   Department Two.   May 14, 1935.]

THE CITY OF YAKIMA, *Respondent*, v. AL BARRON, *Appellant.*[1]

*Charles F. Bolin,* for appellant.

*V. O. Nichoson* and *N. J. Benoit,* for respondent.

*Charles F. Bolin,* for appellant.

*V. O. Nichoson* and *N. J. Benoit,* for respondent.

BLAKE, J.—The appellant was charged, tried and convicted in the police court of the city of Yakima of driving a motor vehicle while under the influence of intoxicating liquor.   He appealed to the superior court of Yakima county, and was found guilty by a jury. The court entered judgment fining him two hundred dollars and costs, and remanded him to the custody of the chief of police for detention in the city jail until the fine and costs were paid.

The appeal raises but one question:   Did the superior court have jurisdiction to commit appellant to the city jail?   It is his contention that the superior court had jurisdiction only to commit him to the county jail.

Ordinance No. A-1228 of the city of Yakima was passed pursuant to the powers granted cities under

[1]Reported in 44 P. (2d) 823.

Rem. Rev. Stat., § 8966 [P. C. § 678], subd. 36, which provides:

"To provide for the punishment of all disorderly conduct, and of all practices dangerous to public health or safety, and to make all regulations necessary for the preservation of public morality, health, peace, and good order within its limits, and to provide for the arrest, trial, and punishment of all persons charged with violating any of the ordinances of said city; but such punishment shall in no case exceed the punishment provided by the laws of the state for misdemeanors."

The ordinance prescribes penalties of fine or imprisonment, or both, and designates the city jail as the place of incarceration.

Notwithstanding that, on appeal from a conviction in police court, a trial *de novo* is had in the superior court, the latter court derives its jurisdiction from the ordinance under which the defendant was charged. The ordinance is the substantive law defining the offense and prescribing the punishment. In entering judgment, the superior court is limited by the provisions of the ordinance, in so far as they are within the powers granted in Rem. Rev. Stat., § 8966 [P. C. § 678], subd. 36, and not in conflict with any statute. That the provision of the ordinance designating the city jail as the place of incarceration is within the powers granted by that section, is clear. For, granted the power to punish by imprisonment, the power to designate the place of incarceration follows of necessity.

We have been referred to no statute which conflicts with the provision of the ordinance designating the city jail as the place of incarceration. On the contrary, the provision of the ordinance and the judgment of the court in this case are consonant with the terms of Rem. Rev. Stat., § 2266 [P. C. § 8701], which provides:

"Every person convicted of a misdemeanor for which no punishment is prescribed by any statute in

force at the time of conviction and sentence, shall be punished by imprisonment in the county jail . . .".

The ordinance not only prescribed the punishment, but also the place of imprisonment. The judgment conformed to the law.

Affirmed.

MILLARD, C. J., STEINERT, HOLCOMB, and MITCHELL, JJ., concur.