**STATE of Missouri, Respondent,**

v.

**Gary Marvin MORRIS, Appellant.**

**No. KCD 26898.**

Missouri Court of Appeals,
Kansas City District.

Dec. 30, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

PER CURIAM:

On April 24, 1973, appellant was tried before a jury in the Circuit Court of Jackson County, Missouri, for the crimes of burglary, second degree, and stealing. From the evidence presented, the jury could have found that on the night of November 4, 1972, appellant, accompanied by one Michael Corn, broke into a barn belonging to Fred Arbanas and stole three (3) saddles and three (3) bridles. The stolen saddles and bridles were later recovered from a house occupied by appellant. The jury found him guilty and fixed his punishment at two years in the Missouri Department of Corrections for each crime. The trial court duly rendered judgment and imposed sentence. Although appellant was given the additional thirty days to file a motion for new trial, no such motion was ever filed. Nevertheless, this appeal was taken alleging error in the admission of evidence.

"The fact that a motion for a new trial was not filed precludes us from consideration of matters required to be preserved in a motion for new trial." State v. Malloyd, 394 S.W.2d 405 (Mo.1965); State v. Green, 438 S.W.2d 274 (Mo.1969); State v. Deckard, 354 S.W.2d 886 (Mo.1962). We have reviewed this record proper as respects the matters specified in Rule 28.02, V.A.M.R., and find the indictment, verdict, judgment and sentence sufficient. We add ex gratia that we have also examined this record for plain error affecting substantial rights resulting in manifest injustice and found none. Defendant's brief does not refer to Rule 27.20(c), but erroneously refers to Rule 79.04 relating to "plain error" in civil cases.

No error of law appears, and an extended opinion in this case would be without precedential value. Accordingly, we affirm the judgment. Rule 84.16.