**CITY OF NEVADA, Missouri,
Respondent,**

v.

**Duane James MIDDLETON, Appellant.**

**Nos. 28932 and 28931.**

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Duane James Middleton, Nevada, for appellant.

Gerald D. McBeth, Ewing, Ewing, Carter, McBeth & Smith, Nevada, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

PER CURIAM:

Duane James Middleton was charged in the Nevada Municipal Court with failure to

obey the reasonable request of a police officer in violation of a Nevada city ordinance. Upon trial in municipal court he was found guilty and punishment of $100 fine and ten days' imprisonment assessed. The defendant appealed to the Vernon County Circuit Court. On a jury trial of the charge on February 19, 1976, the defendant was found guilty. The jury could not agree upon the punishment. The court gave defendant, who had represented himself, ten days to file a motion for new trial. No motion was filed. On March 15 a capias issued and the defendant was brought in for sentencing. The court sentenced him to pay a $100 fine and to ten days in jail, with " * * * a stay of execution * * * on the serving of the jail time conditioned upon your good behavior." The defendant paid the fine.

On July 7, 1976, the circuit court ordered execution of the jail sentence which had been suspended and defendant was ordered into the custody of the sheriff to be committed to jail for ten days.

On July 8, 1976, defendant filed a notice of appeal from the circuit court judgment. The appeal was dismissed as untimely, without prejudice to the right to file a notice out of time by special order. Defendant took advantage of that procedure and on July 12, the court issued its order for appeal out of time and defendant duly filed again his notice of appeal (# 28,932).

In the meantime defendant had, on July 9, 1976, also filed a petition for a writ of habeas corpus in this court. The writ issued on that date, returnable July 12. Petitioner was ordered released upon $500 bond. A return to the writ was filed by the sheriff of Vernon County on July 12, 1976, in which he denied the illegality of petitioner's imprisonment and stated that pursuant to the court's order, the petitioner had been released on bail on July 9. The court ordered the appeal and the habeas corpus consolidated.

In both matters, the defendant has continued to represent himself. He has submitted a pro se brief and reply brief and also was heard pro se on oral argument.

The facts out of which these matters arose are as follows. On August 11, 1975, at approximately 10:45 P.M., police officers of the City of Nevada were summoned to Bob's Tavern in that city to investigate a disturbance. The appellant was pointed out to police officers as a party involved in the disturbance. Officers asked appellant for identification which he declined to produce. Appellant was also asked his name and he declined to reveal it. Appellant, the other party to the fracas and the proprietor of the tavern were taken to the police station.

At the police station appellant was again asked his name and for identification. He declined to give his name or to produce identification. He was requested to empty his pockets and did so, except for his right rear pocket. Officers seized appellant's arms and removed a billfold from his right rear pocket.

Sergeant Eador of the Nevada police department then prepared a complaint on the form of a Missouri Uniform Traffic Ticket, charging that appellant failed to obey a reasonable request of a police officer by refusing to show identification or give his name, in violation of City Ordinance 23–51.

Trial in the municipal court and in the circuit court followed, with the results as above stated.

Inasmuch as respondent's motion to dismiss the appeal because of inadequacies of appellant's pro se brief has previously been overruled, there is no reason to dwell upon some rather obvious inadequacies of the brief. However, appellant is faced with a major obstacle on his appeal in that he filed no motion for new trial, a prerequisite, with a few exceptions, for review on appeal of allegations of errors against the trial court. Appellant has enumerated his complaints against the trial court in the following categories:

"A.  Illegal Arrest

"B.  Illegal Summons and Arrest

"C.  Right to Retain Identification and Remain Silent

"D.  Vagueness of Nevada City Code 23–51

"E. Denial of Right to Lawful Bail and No Preliminary Hearing

"F. Illegal Stay of Execution and Confinement to Jail

"G. Denial of Writ of Habeas Corpus

"H. Denial of Right of Counsel and Correspondence While in Confinement."

■ Matters A through E relate to pretrial activities and to the trial in the circuit court. Without detailing the arguments under these categories, all relate to matters which, if they are to be preserved for appellate review, must have been raised in the trial court and preserved in a motion for new trial. Rule 27.20. No motion for new trial having been filed, none of these matters is for review on this appeal. *State v. Morris,* 518 S.W.2d 78 (Mo.App.1974).

■ Insofar as the "Illegal Stay of Execution" amounts to an attack upon the judgment of the trial court, that matter may be urged on appeal, absent a motion for new trial. Rule 28.02. That allegation is also urged in the habeas corpus action. The complaint of "Illegal * * * Confinement to Jail" (F), as well as (G) and (H), is referable to the habeas corpus.

■ The judgment in the circuit court is attacked on the grounds that the court failed to limit the length of stay of execution of the jail sentence. Appellant relies upon § 546.900, RSMo 1969. Rule 27.24. See also Rule 37.76, applicable to municipal court proceedings. That statute (rule) applies in a case in which the execution of a sentence is stayed, with the defendant being required to post a bond for his appearance at the end of the stay to serve the sentence imposed. The stay of execution in the case is not of that nature. Here the stay was in the nature of a grant of probation, with execution of the sentence postponed indefinitely during the good behavior of the defendant.

■ Was the court required to limit the duration of such a stay of execution? No statute has been found which purports to direct the circuit court expressly in that regard when it is acting on an appeal from a municipal court on a charge of violation of a municipal ordinance. The city argues that the circuit court's authority in such cases is derivative and that the court here was authorized to order the indefinite suspension by virtue of a Nevada ordinance authorizing the police judge, in a case in which a judgment has been entered against a defendant for fine and costs or imprisonment in the city jail, or by both a fine and imprisonment " * * * to stay the execution of such judgment upon such terms and conditions as in his discretion may be just and proper." § 20, Ord. # 2264.

■ Although on an appeal to the circuit court from a municipal court, the circuit court hears the matter de novo (Rule 37.84) and, in the case of Nevada, proceeds in the manner provided in cases of appeals from magistrate judgments in misdemeanors (§ 98.460, RSMo 1969), the authority for the sentence imposed in the circuit court depends upon the municipal ordinances. *City of Ferguson v. Nelson,* 438 S.W.2d 249, 254[8] (Mo.1969). See *City of Yakima v. Barron,* 182 Wash. 62, 44 P.2d 823 (1935). The Nevada ordinance which would authorize the stay of execution here granted has not been attacked. Therefore, the trial court will not be held to have erred in the sentence which it imposed.

■ On the writ of habeas corpus, the sheriff pleaded to the petition for the writ, rather than the writ, and no reply was filed to the return. No objection based on the lack of a reply has been made by the respondent. The case has been briefed on the issues raised by the petition and the case will be determined on the issues to which the parties have consented. *Ryan v. Wyrick,* 518 S.W.2d 89, 91[4, 5] (Mo.App.1974).

The petition attacks the validity of the sentence because of the indeterminate stay of execution. That issue has previously been considered upon the direct appeal. What was held there answers that complaint.

■ Petitioner complains of a discrepancy between the date of his imprisonment (July 7) and the record as shown by the Judge's docket, which refers to July 10 as

the date of revocation of the stay of execution. The transcript on the appeal shows that the order of revocation was entered July 7. Petitioner has filed what purports to be an uncertified copy of the court's docket, showing a date of July 10. Inasmuch as petitioner's petition for writ was filed in this court July 9, there is no basis for disregarding the transcript evidence that the stay was revoked July 7. There is nothing in this allegation entitling petitioner to relief.

■ Petitioner has briefed the question of lack of due process in the revocation of the stay of execution, which he would equate with a revocation of probation. See *Reiter v. Camp*, 518 S.W.2d 82 (Mo.App. 1974). However, the petition for the writ of habeas corpus makes no claim to relief on such basis and therefore this contention is not for consideration. *Ryan v. Wyrick*, supra, at page 92[5].

■ The petition does refer to an "unlawful arrest" and denial of "all due process of law," but this allegation refers to his arrest for the charge on which he was tried in the Vernon County Court on July 7, and found guilty, and which precipitated the revocation of the stay of execution. No basis for relief on the grounds alleged appears.

The petition for habeas corpus also fails to state any basis for relief on grounds H, above referred to: "Denial of Right of Counsel and Correspondence While in Confinement."

The writ of habeas corpus should be quashed.

No. 28,931—Writ of habeas corpus quashed.

No. 28,932—Judgment affirmed.