Richard M. BRYANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 82 132 CR.

Court of Appeals of Texas,
Beaumont.

March 30, 1983.

Rehearing Denied April 14, 1983.

Discretionary Review Refused
July 20, 1983.

Michael A. McDougal, Conroe, for appellant.

James H. Keeshan, Dist. Atty., Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

A jury found the appellant, Richard M. Bryant, guilty of the offense of burglary of a habitation as charged in the indictment and assessed his punishment at confinement in the Texas Department of Corrections for a term of sixty (60) years. The indictment charged Richard M. Bryant with entering a habitation, which was not open to the public, with the intent to commit theft and rape, without the effective consent of the owner thereof.

The appellant's ground of error number one is:

"The trial court erred in admitting into evidence, over Appellant's objections, evidence of three extraneous offenses of rape which occurred at different times than the indicted offense for which Appellant was on trial."

The theory of the prosecution on the indicted offense was that there were significant, logical and compelling similarities between the extraneous offenses and the charged offense in the following particulars: (1) geographical location; (2) status and appearance of victims; (3) actions of the defendant on entering the residences; (4) appellant turned off all lights in the residences; (5) appellant proceeded to the victims' bedrooms; (6) appellant left leaving doors open; (7) appellant took victims to couches, had them lie face down and covered their faces with pillow cases, pillow shams or other bedding; (8) appellant demanded sex and money; (9) appellant turned down air conditioner; (10) appellant returns to victims' homes. The appellant counters these averred similarities by listing thirteen dissimilarities in his able and thorough brief. The indictment charged burglary of a habitation "with intent to commit theft and rape" on or about July 5, 1981. In the case at bar, the appellant did not commit the completed offenses of theft and rape. The record shows that the defendant left the residence or habitation in question when he saw an adult male actually present in the bedroom and in the bed with the prosecutrix, being the owner of the habitation and the complaining witness. Because of this unusual development and because the intent of the appellant was not evident or manifest, when considering only the incidence and events of July 5, 1981; it was proper for the trial court to admit evidence of three (3) similar offenses. After considering the details of the testimony and evidence of the extraneous offenses, we perceive logical, cogent and compelling similarities with the offense on trial and conclude that the trial court did not err in admitting the objected to evidence. The extraneous offenses were properly shown to tend to prove identity, intent, motive, scheme and state of mind. Because of the apparently unexpected fact of an adult male being present in the bedroom of the owner which, in turn, caused the appellant's presence in Ms. T.L.'s residence trailer to be very brief and abbreviated, the alleged intent in the indictment to commit rape could not be logically inferred from the unlawful entry and thus proof of the extraneous offenses was necessary to demonstrate appellant's intent as a part of the State's case. Furthermore, the first burglary of Ms. T.L.'s habitation was admissible as a part of the res gestae, inasmuch as Ms. T.L. exclaimed to A.R., her companion, that "it's him, I knew he was going to return". Logically, the extraneous offense, involving the previous acts of entry, burglary and rape, tended to prove Ms. T.L.'s sexual attractiveness to the appellant.

Logically, also, the extraneous offenses that were shown to have taken place at Ms. B.T.'s residence, or habitation, were admissible as bearing on the intent and motive of the appellant, as well as being logically cogent and admissible to show the appellant's modus operandi of returning a second

time, at a later date, to the same residence or habitation to repeat a sexual attack and to demand money from his victims. Indeed, each of the extraneous offenses could be classified as remarkable in their similarities to the indicted offense because they included similar victims, the proximity of the residences or habitations, entries while the victims were asleep, bedroom confrontations, extinguishing of lights, activation or increased activation of certain appliances to cover noises and the leaving of exit doors open. In the well reasoned landmark opinion in *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972) is the following, at page 100:

"Evidence of extraneous offenses committed by the accused has been held admissible: (1) To show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. (2) To circumstantially prove identity where the state lacks direct evidence on this issue. (3) To prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself. (4) To prove malice or state of mind, when malice is an essential element of the state's case and cannot be inferred from the criminal act. (5) To show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense or is a part of a continuing plan or scheme of which the crime on trial is also a part. (6) To refute a defensive theory raised by the accused.

"These exceptions to the general rule excluding evidence of the accused's prior criminal conduct are not mutually exclusive. Nor do they necessarily represent all possible situations in which the state may permissibly prove that the accused has committed a collateral crime. For example, an extraneous offense committed by the accused while attempting to flee may, in a proper case, be admissible as part of the 'res gestae' and to show scienter. Where the defendant is charged with the commission of a crime committed during flight, evidence of the original crime may be admissible on the issues of scienter and motive as well as to show the 'res gestae'." [Footnotes omitted]

See *Crawley v. State,* 513 S.W.2d 62 (Tex. Cr.App.1974); *O'Brien v. State,* 376 S.W.2d 833 (Tex.Cr.App.1964). Ground of error number one is overruled.

Ground of error number two is:

"The trial court erred in denying Appellant's Motion to Quash the Indictment where the indictment failed to state the name or identity of the person whom the Appellant intended to rape."

The indictment upon which this appellant was tried and convicted alleged as follows:

"Richard M. Bryant, hereinafter styled Defendant, on or about the 5th day of July A.D. 1981, and before the presentment of this indictment, in the County and State aforesaid, did then and there, with intent to commit theft and rape, enter a habitation which was not then and there open to the public, without the effective consent of T.L., the owner, against the peace and dignity of the State."

Prior to the trial, on October 30, 1981, the appellant herein filed his Motion to Quash the Indictment, alleging therein that the indictment failed to state the name of the person whom the defendant allegedly intended to rape. The trial court denied appellant's motion to quash.

The appellant strongly urges and argues, in support of his ground of error number two, *Cruise v. State,* 587 S.W.2d 403 (Tex. Cr.App.1979). In the *Cruise Case, supra,* the appellant court reversed for failure to quash an indictment alleging robbery by causing bodily injury where the means of causing the alleged bodily injury were not alleged or set forth in any manner. The *Cruise Case, supra,* involved alleged *consummated and completed acts* which were

not particularly described in the indictment. We think that the *Cruise Case, supra,* and its holding are distinguishable and different from the indictment under attack in the case at bar. Appellant, here, was alleged to have *only intended* to commit theft and rape. The proof and record lucidly show that the intended offenses were not consummated or completed on the occasion in question. One of the extraneous offenses—being a prior extraneous offense—tended to show that the prosecutrix was previously raped by the appellant. Also, Ms. T.L. was named as the owner of the habitation in the indictment.

Further, appellant relies strongly on *Sanchez v. State,* 143 Tex.Cr. 345, 158 S.W.2d 801 (1942). We hold that the instant case at bar is distinguishable and different from *Sanchez v. State, supra,* at least on the holding of the *Sanchez Case, supra,* because the conviction in the *Sanchez Case, supra,* was reversed because the State failed to prove any intent whatsoever to rape. We further hold that the allegations in the indictment state in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr. App.1978); *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976).

We hold, in a case involving only intent to rape, the identity of the intended victim is not an essential fact. Under this indictment and record, the sequence or chain of criminal acts and criminal activity came to an abrupt halt when A.R. was discovered to be in the bedroom with, and, indeed, in the bed with Ms. T.L. Thus the essential elements and essential facts of the criminal offense came to an abrupt halt. We hold that a motion to quash is only viable concerning those facts which are essential to be proved. Under our indictment and our record, the offense was completed when the entry with the necessary intent was accomplished, since no actual or attempted rape took place in the case at bar. Hence, we hold that the name or identity of the intended victim is not necessary to the indictment when challenged by a motion to quash. *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981).

We hold that, under the challenged indictment, the appellant had adequate notice as tested by the fundamental, constitutional provisions and protections for adequate notice and due process. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979). We also hold that, under this indictment set out above, the allegations and facts are sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. *TEX.CODE CRIM.PROC. ANN. arts. 21.01, 21.02, 21.03, 21.04 and 21.05* (Vernon 1966); *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex. Cr.App.1974). In testing this indictment, inasmuch as the motion to quash was timely filed, timely urged and timely ruled upon, we address the question of the adequacy of the constitutional requisite of notice to the accused and hold it adequate, applying the proper rule which requires our consideration of this indictment from the perspective of the appellant. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977); *TEX.CODE CRIM.PROC.ANN. art. 21.03* (Vernon 1966); *Haecker v. State, supra; Boney v. State,* 572 S.W.2d 529 (Tex.Cr.App.1978); *Pollard v. State,* 567 S.W.2d 11 (Tex.Cr.App. 1978). *TEX.CODE CRIM.PROC.ANN. art. 21.03* (Vernon 1966) provides:

"Everything should be stated in an indictment which is necessary to be proved."

*Tex.Code Crim.Proc.Ann. art. 21.04* (Vernon 1966) provides:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

We hold that the challenged indictment before us meets the requirements of *Article 21.03* and *Article 21.04* of the *Texas Code of Criminal Procedure* (Vernon 1966). Ground of error two is overruled.

Appellant's third ground of error is:

"The evidence adduced at Appellant's trial was insufficient to support the jury's finding of guilt of the offense of burglary with intent to commit theft and rape."

█ The two witnesses, Ms. T.L. and A.R., were actually in the same room with the defendant. They definitely, unequivocally and without reservation identified the defendant-appellant as the person entering the trailer home and standing in their presence with his face lighted up by a cigarette lighter. Moreover, the in-court identifications and the line-up identification of the appellant as the intruder, as well as other evidence in the record before us, were sufficient evidence and testimony to show that the appellant unlawfully entered the trailer home residence and habitation of Ms. T.L. on July 5, 1981. We find the jury's verdict of guilty was supported by sufficient evidence. Appellant candidly concedes that the intent to steal may be, and is, supported by a recognized presumption that unlawful entry in the nighttime carries with it a presumption that the intruder intended to commit theft. *Ortega v. State,* 626 S.W.2d 746 (Tex.Cr.App.1981); *Simmons v. State,* 590 S.W.2d 137 (Tex.Cr.App.1979).

We hold that the proof was sufficient, in our record, regarding the allegation of intent to rape because of the earlier unlawful entry of appellant into the Ms. T.L. residence trailer and habitation approximately some two (2) months earlier. Concerning the earlier event, on or about May 5, 1981, the victim did not have an adult male companion with her at the time and, on that earlier occasion, the intruder demanded sex and money and proceeded to rape Ms. T.L. in a certain somewhat bizarre manner that, we think, makes the extraneous offenses clearly admissible. Moreover, Ms. T.L. identified the intruder in connection with the July 5, 1981, incident as having been the same person that attacked her on May 5, 1981, by the sound of his voice. In addition thereto, the evidence and testimony was sufficient, under our record, concerning the appellant's intent to rape, by proffered testimony concerning remarkably similar offenses described by one Ms. B.T. In each of

two extraneous offenses, Ms. B.T.'s brick homestead residence was entered and burglarized by the intruder identified as the appellant. On each occasion, the intruder raped Ms. B.T. The witness, Ms. B.T., identified the appellant both in court and in a physical showup identification procedure as her attacker and intruder. In addition thereto, there was other evidence of probative value in the record bearing upon the defendant's intent to commit theft or to steal and the intent to rape. Concerning the witnesses, Ms. T.L., Ms. B.T. and A.R., the record reveals that they were carefully cross-examined and their identifications of the appellant were not shaken, impeached or contradicted in any meaningful manner. In any event, in this case, we think it was sufficient to raise the issue for the jury which held adverse to the appellant.

We think, also, that the appellant herein was identified as the intruder by means of certain extrinsic or extraneous offenses which, in turn, demonstrated his consistent and distinctive modus operandi of entering residences and homesteads of females who lived alone (except for their minor children), during sleeping hours and during the early hours of the morning, turning off all the lights in the residence, turning down the air conditioner thermostats so that the compressors would run constantly thereby covering up possible noises or outcrys, confronting the young females in their bedrooms and leaving certain outside doors open. Even more compelling and cogent, we think, and hold, is the remarkably similar behavior of the intruder, identified as the appellant herein, in committing the detailed acts of the rapes themselves. In passing upon appellant's ground of error number three, and upon review by this court, the evidence and testimony must be viewed in the light most favorable to the jury's verdict. After careful consideration of this ground of error number three, we find that the evidence in our record is sufficient to support the jury's verdict and findings in this case. *Jones v. State,* 582 S.W.2d 129 (Tex.Cr.App.1979); *McManus v. State,* supra; *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978); *Rogers v. State,* 550

**518**

S.W.2d 78 (Tex.Cr.App.1977); *Clark v. State,* 543 S.W.2d 125 (Tex.Cr.App.1976). Ground of error number three is overruled. The judgment below is affirmed.

AFFIRMED.