Edward Lynn MAYFIELD, Appellant,

v.

The STATE of Texas, State.

No. 2–82–053–CR.

Court of Appeals of Texas,
Fort Worth.

March 30, 1983.

Rehearing Denied April 27, 1983.

Discretionary Review Refused
July 20, 1983.

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Richard B. Roper, Asst. Dist. Atty., Fort Worth, for State.

OPINION.

Before FENDER, C.J., and BURDOCK, J.

BURDOCK, Justice.

This is an appeal from a conviction of robbery with bodily injury. After a trial to the jury, appellant was found guilty of rob-

bery and two enhancement paragraphs alleged in the indictment were found to be true. Appellant was assessed a life sentence under the provisions of the Texas Habitual Felony Offenders Law. V.T.C.A. Penal Code, § 12.42.

We affirm.

Appellant's first three grounds of error assert (1) a fatal variance between the proof and the indictment, (2) that there is no evidence of intent to cause bodily injury, and (3) that there is insufficient evidence of intent to cause bodily injury.

■ V.T.C.A.Penal Code, § 29.02(a)(1) states:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another;

. . .

It is sufficient under our code to constitute robbery, where the evidence shows that an accused injures a police officer in an effort to maintain control of stolen property while in immediate flight from the scene of the theft. *Lightner v. State,* 535 S.W.2d 176 (Tex.Cr.App.1976).

■ In the instant case, Officer Branch, an off-duty police officer was working as a security guard at a Safeway store in Fort Worth, Texas, and observed appellant through a one-way mirror taking hams and placing them into a paper sack. Minutes later, the officer observed appellant return to pick up more hams. Officer Branch, suspecting a shoplifting, left his position behind the one-way mirror and walked to a magazine rack adjacent to the exit door. Officer Branch next saw appellant walking with another male in one of the store aisles. As the unknown male moved towards the exit, he signaled appellant to proceed. When appellant started to walk through the exit door, Officer Branch grabbed appellant and identified himself as the police showing his badge. At that point, appellant pushed Officer Branch into the wall. A struggle

ensued in which Officer Branch was struck in the face with appellant's fist. Officer Branch testified he sustained minor injuries to his nose.

Appellant argues he had a right to defend himself against excessive force. From the record, we find no excessive force on Officer Branch's part in attempting to secure an arrest. However, appellant's intent to cause bodily injury was apparent from the moment Officer Branch stopped appellant and identified himself. Based on appellant's acts and conduct, we find the evidence sufficient to show appellant acted with intent to cause bodily injury. *Jenke v. State,* 487 S.W.2d 347 (Tex.Cr.App.1972). We also find no fatal variance between the proof and the indictment. Appellant's first three grounds of error are overruled.

■ Appellant's fourth, fifth and sixth grounds of error allege (4) a fatal variance between the proof and the indictment in that the State did not prove bodily injury to the person alleged on the indictment, (5) that there is no evidence of injury to W.B. Branch, and (6) that there is insufficient evidence of injury to W.B. Branch. Essentially, appellant argues that there is no evidence to show that Wayne Branch who testified at trial is the same W.B. Branch named in the indictment. Objections to a variance between the name of the complainant in the indictment and the name as shown at trial must first be raised at trial. *Malone v. State,* 630 S.W.2d 920 (Tex.Cr. App.1981). Appellant does not point out in his brief, nor can we find in the record where appellant objected to this variance at trial.

■ The record does reflect that when Officer Branch took the stand he identified himself as "Wayne Branch". The record also reflects that defense counsel refers to Branch as "Officer Branch". Appellant did not raise this variance between the indictment and the evidence at trial, nor does appellant suggest it was designed to mislead him to his prejudice. We hold that the variance between "Wayne Branch" and "W.B. Branch" is not material and that the alleged variance was not prejudicial or mis-

leading to appellant. *See Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Martin v. State,* 541 S.W.2d 605 (Tex.Cr.App.1976). Appellant's grounds of error four through six are overruled.

Appellant's final four grounds of error assert that (7) the trial court erred in granting the State's motion in limine, (8) that appellant was denied effective assistance of counsel because the motion in limine was granted, (9) that the State committed reversible error by suppressing evidence which might have had a material effect on the outcome of the trial, and (10) permitting Officer Branch to testify contrary to his prior statement.

Essentially, appellant argues that Officer Branch made a statement to another uniformed officer who arrived at the scene to transport appellant upon being apprehended. From that statement, the uniformed officer made an arrest report. At trial, the court ordered defense counsel not to mention the report by granting the State's motion in limine.

The court specifically instructed defense counsel that if the report was going to be used to impeach any witness, that the court wanted to know beforehand to make a ruling outside the presence of the jury. Where appellant complains of the State's motion in limine excluding evidence for appellant, to properly preserve the question for review, the evidence must first be offered, followed by an adverse ruling. *Poore v. State,* 524 S.W.2d 294 (Tex.Cr.App.1975). Nowhere in the record do we find that defense counsel offered the report into evidence. Appellant has failed to preserve his error. Also, after reviewing the record as a whole, we find that appellant was not denied effective assistance of counsel as a result of granting the State's motion in limine.

Appellant alleges that the State failed to disclose favorable evidence by suppressing the police report of the uniformed officer.

We disagree.

No specific request was ever made for discovery of the report. The standard for review for failure to disclose exculpatory evidence therefore is whether appellant was denied a fair trial. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). We find that the inconsistencies in the testimony of Officer Branch and the police report not to be so material as to have denied appellant a fair trial. *See Stone v. State,* 583 S.W.2d 410 (Tex.Cr.App.1979). Appellant's grounds of error seven, eight, nine and ten are overruled.

The judgment of the trial court is affirmed.