Steven MONTEZ, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 83–91.

Supreme Court of Wyoming.

Oct. 20, 1983.

Sylvia Lee Hackl, Wyoming Public Defender Program, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, James Carbone, Student Director, Wyoming Defender Aid Program, Kevin Martin, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Patrick R. Day, Legal Intern, Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

BROWN, Justice.

A jury found appellant, Steven Montez, guilty of delivery of a controlled substance and determined that he was an habitual criminal. As a result, appellant's sentence for delivery of a controlled substance was enhanced.

According to appellant the issues are:
"1. Whether Appellant was denied his Fifth Amendment right against self-incrimination when he was forced to testify concerning his prior felonies during the trial on the substantive offense.

"2. Whether the trial court erred in denying Appellant's motion to strike the habitual criminal portion of the Information, since said allegations were neither set forth in the original complaint nor established in a preliminary hearing.

"3. Whether the State's failure to subpoena and produce its informant as a witness during trial deprived Appellant of his right to confront the witnesses against him and to construct an entrapment defense."

On February 3, 1983, a criminal complaint was filed in county court charging appellant with violating §§ 35–7–1016(b)(iv) and 35–7–1031(a)(ii), W.S.1977. On February 14, 1983, appellant was bound over to the district court for trial. On March 1, 1983, an information was filed in district court, substantially realleging the previous charge, and initiating the allegation that appellant was an habitual criminal as defined in § 6–1–109, W.S.1977.[1]

At the arraignment on March 1, 1983, appellant pled not guilty to delivery of a controlled substance and asked for ten days to make motions. On March 10, 1983, appellant moved the court to strike that portion of the information that alleged his status as an habitual criminal, contending that he was entitled to a preliminary hearing. The motion was denied.

Before trial appellant made a motion in limine requesting that his prior convictions be deemed inadmissible during trial with regard to the substantive offense (delivery of a controlled substance), even if he took the witness stand in his own behalf. The motion in limine was denied.

Appellant took the witness stand in his defense and on cross-examination was asked about prior felony convictions. Appellant's counsel objected to this line of inquiry and requested appellant be permitted to take the Fifth Amendment. The request was denied and appellant admitted certain prior convictions.

1. Habitual criminal is now defined in § 6–10–201, W.S.1977 (June 1983 replacement).

The jury found Montez guilty of delivery of a controlled substance. Immediately after his conviction he was tried by the same jury on the allegation that he was an habitual criminal. In support of its charge that appellant was an habitual criminal the state introduced independent evidence showing two prior felony convictions and did not make any reference to appellant's admissions at the guilt phase of the trial. The jury found that appellant "has been twice previously convicted of a felony upon charges separately brought and tried." Montez was subsequently sentenced for delivery of a controlled substance, and his sentence was enhanced because of his status as an habitual criminal.

## I

In appellant's first assignment of error he argues that the trial court erred in allowing him to be cross-examined concerning his prior felonies during the trial on the substantive charge. By refusing to permit appellant to exercise his Fifth Amendment right against self-incrimination, he alleges that the trial court forced him to give testimony against himself which was used in the enhanced penalty portion of the case. Appellant further claims that his attempt to invoke his right against self-incrimination regarding his prior felonies was appropriate, and that the trial court's rulings prejudiced him.

█ It is clear that when a defendant in a criminal action takes the witness stand in his own defense, his credibility becomes an issue and he may be cross-examined regarding prior felonies. In such circumstances there is no violation of his Fifth Amendment rights. *Brown v. United States,* 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589, 72 A.L.R.2d 818 (1958), reh. denied, 356 U.S. 948, 78 S.Ct. 776, 2 L.Ed.2d 822 (1958). Also, see Rule 609(a), Wyoming Rules of Evidence.

Montez points out the dilemma that he was placed in. If he took the witness stand his prior felonies would be revealed to the jury. If he chose not to take the stand, he was limited in presenting his defense.

In *People v. Chavez,* Colo., 621 P.2d 1362 (1981), cert. denied, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981), the trial court ruled that impeachment evidence of a defendant's prior convictions elicited or offered by the prosecution during the trial of the substantive offense could be used for substantive purposes in the habitual criminal trial. In that case the court disapproved this ruling, saying:

"* * * The law is settled that, notwithstanding its inherent prejudiciality, evidence of prior criminal convictions may properly be admitted to impeach the credibility of a defendant's testimony. * * * Rather, the basic defect in the Habitual Criminal statute is the intolerable tension it creates between a defendant's twin constitutional rights to testify in his own defense and to have the prosecution prove each element of the several counts with which he is charged. The impeachment use of an admission of prior convictions elicited from a defendant who chooses to testify is permissible. However, the substantive use of that same evidence to relieve the prosecution of its statutory and constitutional burden of proving the elements of a separate status, habitual criminality, by introducing evidence independent of the defendant's testimony such as duly authenticated records of a defendant's prior convictions, impermissibly burdens the exercise of a defendant's right to testify in his own behalf. This tension can only be alleviated by compelling the prosecution to shoulder the burden of proving those convictions, either in the manner specified by the statute or by independent evidence, irrespective of the evidence elicited from a defendant who chooses to answer the substantive charges against him by testifying in his own behalf." Id., at 1366–1367.

See also, *State v. Archunde,* 91 N.M. 682, 579 P.2d 808 (1978).

The procedure involving an habitual criminal charge set out in § 6–1–111, W.S. 1977, was followed in this case.[2]

"(a) In charging a person with being an habitual criminal, the information or indictment shall set forth the felony committed within the state and shall allege the two (2) or more previous convictions or felonies relied upon by the state.

"(b) The trial on the felony committed within the state shall proceed as in other cases, *except that the jury shall not be informed of the previous convictions of felonies.* If the jury returns a verdict of guilty, then the defendant shall be tried immediately by the same jury upon the issue of whether or not he has been previously convicted of two (2) or more felonies, unless the defendant has entered or enters a plea of guilty to the information or indictment charging the prior convictions." (Emphasis added.)

■ Arguably, § 6–1–111(b), supra, bars the use of prior felony convictions in the trial of the substantive offense, even for impeachment purposes. However, this section was passed primarily in response to criticism of the former statute, § 6–11, W.S.1957, which authorized the state to introduce prior convictions in its case-in-chief even when the defendant did not take the stand. It is unlikely that in changing the statute the legislature intended to grant habitual criminals an advantage. Permitting such criminal defendants to avoid impeachment by cross-examination on prior convictions would place them in a better position than those criminal defendants who are not subject to habitual status. Prohibiting cross-examination on prior convictions would limit an attack on credibility. Such limitation is not warranted.

The habitual criminal statute does not specify what is to be done when the defendant testifies at the trial on the underlying felony. We do not believe, however, that the legislature intended that he be immunized from cross-examination. The ordinary rules should apply allowing the defendant to be cross-examined about other felonies.

In support of appellant's claim that he was denied his Fifth Amendment right against self-incrimination, appellant cites *In re Yurko,* 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561 (1974), and *Meehan v. State,* Fla., 397 So.2d 1214 (1981). In Meehan the state called the defendant at the sentencing hearing and asked him about prior felony convictions. The Florida Supreme Court disapproved of this procedure. In the *Yurko* case, the defendant admitted three prior felony convictions. These admissions formed the basis for his enhanced penalty under the habitual criminal statute. The California Supreme Court also disapproved this procedure. Both Meehan and Yurko are distinguishable on their facts. Here, appellant's admission of prior felonies was not used to form the basis for an enhanced penalty under the habitual criminal statute.

■ The procedures employed by the trial court in this case were correct. The court allowed the appellant to be impeached at the trial on the underlying felony, delivery of a controlled substance, by permitting his cross-examination on prior convictions. The court then immediately gave the jury a limiting instruction to the effect that testimony regarding prior convictions was to be considered only for the purpose of impeachment and not as any evidence of guilt. Moreover, the trial court gave the jury written instructions which explained why certain evidence was admitted for a limited purpose, and that it could not be considered for any other purpose.

Finally, at the trial on appellant's status as an habitual criminal, the trial court required the state to meet its burden of proving beyond a reasonable doubt appellant's prior convictions by evidence independent of his testimony at the trial on the charge of delivery of a controlled substance. The state proved appellant's prior convictions independently of his admissions under cross-examination, and his prior admissions

2. Section 6–1–111, W.S.1977, revised and renumbered, is now § 6–10–203, W.S.1977 (June 1983 replacement).

were not used against him in the trial regarding his habitual criminal status. We approve of the manner in which the trial court handled this situation. The procedure followed here was the procedure suggested in *People v. Chavez, supra.*

II

The complaint filed against appellant charged him with delivery of a controlled substance. A preliminary hearing was held and appellant was bound over to the district court to stand trial. Two weeks later an information was filed charging appellant with delivery of a controlled substance and being an habitual criminal. Appellant's motion to strike the habitual criminal portion of the information was denied. Appellant argues that "an accused is entitled to a complaint and preliminary hearing on the total charge, including the allegation of habitual criminality." His authority for this position is *Bartlett v. State,* Wyo., 569 P.2d 1235, 1243 (1977), where we said:

> " * * * Generally where an information can be filed only after a preliminary hearing, as is true in Wyoming under Rule 9(a), W.R.Cr.P., the information must charge substantially the same offense alleged in the complaint under which a preliminary hearing was held. * * * "

Including the habitual criminal charge in the original complaint is impractical unless the defendant has confined his criminal activities to his home county, which is rarely the case. Most often the extent of criminal behavior is not immediately known; a defendant's prior criminal convictions are revealed only after checking with other jurisdictions. This takes time.

As far as we know, Oklahoma is the only state requiring that the habitual criminal charge be included in the original complaint. *Carter v. State,* Okl.Cr., 292 P.2d 435 (1956). In New Mexico habitual criminal charges may be brought a year after conviction on the underlying felony. *State v. Mayberry,* 97 N.M. 760, 643 P.2d 629 (1982).

In Wyoming, an accused is not entitled to a preliminary hearing unless one is authorized by statute. No common law right to a preliminary hearing exists. *State v. Spears,* 76 Wyo. 82, 300 P.2d 551 (1956); and *State v. Vines,* 49 Wyo. 212, 54 P.2d 826 (1936). The habitual criminal statutes under which appellant was charged require only that the prior convictions be set forth in the information. Section 6–1–111, supra. The habitual criminal statutes do not provide statutory authority for a preliminary hearing on the habitual criminal charges.

Rule 7(a), Wyoming Rules of Criminal Procedure, states: "In all cases triable in the district court, except upon indictment, the defendant shall be entitled to preliminary examination. * * * " Appellant attempts to expand this rule by arguing that Wyoming does provide statutory authority for a preliminary examination on habitual criminal charges.

*Bartlett v. State, supra,* cited by appellant, is not authority for the argument that an habitual criminal charge must be included in a complaint or that a defendant is entitled to a preliminary hearing on the habitual criminal count. The habitual criminal statute is a vehicle for enhancing a sentence upon a conviction for crime and is not a separate crime. *Evans v. State,* Wyo., 655 P.2d 1214 (1982). A defendant is not entitled to a preliminary hearing on habitual criminal allegations.

In *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Supreme Court upheld a West Virginia habitual criminal statute which provided that the prosecution could file a supplemental information charging habitual criminality after conviction on the underlying felony, and that the matter may be treated as two separate proceedings. The Court conceded that habitual criminal charges may be filed after trial on the substantive offense, subject to reasonable notice and basic due process standards. Here, appellant had timely and adequate notice of the habitual criminal allegation in accordance with § 6–1–111, supra. He was fully advised of the

habitual criminal charge six weeks before trial.

 It was not error to deny appellant's motion to strike the habitual criminal charges from the information.

### III

Appellant complains that the state's failure to subpoena and produce an informant at his trial on the drug offense deprived him of his right to confront the witnesses against him, and violated the Sixth Amendment to the United States Constitution, and Article 1, Section 10 of the Wyoming Constitution. He also contends that it denied him the opportunity to develop an entrapment defense.

 Appellant's final assignment of error is without merit. He was furnished with the name and address of the informant well in advance of trial. So far as the record reveals, appellant did not apply ex parte, under Rule 20, W.R.Cr.P., for a subpoena to be issued at state expense. "The failure to ask for compulsory process is a waiver of it." *Thornton v. State,* Ala.Cr. App., 390 So.2d 1093, 1098 (1980). We know of no other effort made by appellant to secure the informer's attendance at trial. Appellant seeks to shift the burden of producing a witness for his defense to the state. We hold that a defendant cannot avoid the consequences of his failure to produce a witness for trial, when he knows the name and address of such witness and has had ample opportunity to subpoena the witness.

Other states have held that the state does not have a duty to seek out or locate an informer or a witness for the defense. *State v. Hogan,* La., 404 So.2d 488 (1981); and *Lancaster v. Green,* 175 Ohio St. 203, 192 N.E.2d 776 (1963). We need not go as far as Louisiana and Ohio because the state furnished the name and address of the informer.

Appellant cites *Jackson v. State,* Wyo., 522 P.2d 1286 (1974), in support of his final argument. In the Jackson case appellant had requested the state to reveal the identi-

ty of an individual who had participated in the drug transaction, but the state failed to reveal the identity of such person. The court set aside Jackson's conviction. The Jackson case is not authority here because the state revealed the name and address of the informer whom appellant now says he wanted present at trial.

 In any event, appellant did not object to the state's failure to produce the informer at trial. We will not consider issues which were not raised in the trial court. *Haight v. State,* Wyo., 654 P.2d 1232 (1982).

Affirmed.