Hillsborough
No. 86-335

THE STATE OF NEW HAMPSHIRE

v.

HARRY DAY

June 3, 1987

*Stephen E. Merrill*, attorney general (*John S. Davis*, attorney, on the brief and orally), for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant was convicted in Superior Court (*Dalianis*, J.) on two indictments charging him with aggravated felonious sexual assault pursuant to RSA 632-A:2, XI. On appeal, he argues that the court erred in denying his motion to quash the indictments on the ground that they failed properly to identify the victim of the assaults, thereby violating part I, article 15 of the New Hampshire Constitution. We affirm.

The victim of the alleged assaults was less than thirteen years of age. One indictment charged the defendant with engaging in sexual intercourse on a specified date with a "minor female, DOB 12-19-74, when the victim was less than thirteen (13) years of age, to wit: age eight (8)," and the other indictment charged him with digitally penetrating an identically described victim on a particular date four months earlier. Neither indictment specified the name of the victim, and the defendant argued that this was a deficiency of constitutional proportions. After the motion to quash was denied, the defendant was tried by jury, convicted on both counts, and sentenced to con-

secutive terms of 7 1/2 to 15 years on one count and 7 to 15 years on the other; the second sentence was suspended.

■■ Part I, article 15 of the State Constitution provides in relevant part that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him. . . ." More specifically, this means that

> "an indictment must contain sufficient information to advise a defendant of the offense with which he is charged. . . . It must state the elements of the offense with enough specificity to permit the defendant to prepare for trial and to protect him, whether acquitted or convicted, from later being placed in jeopardy for the same offense."

*State v. Sands*, 123 N.H. 570, 588, 467 A.2d 202, 213 (1983) (citations omitted). However, we have noted many times that "[t]he test is not whether the information could be more comprehensive and certain, but only whether the indictment meets the basic requirements of specificity and fair notice. *State v. Manchester News Co.*, 118 N.H. 255, 257, 387 A.2d 324, 327, *appeal dismissed*, 439 U.S. 949 (1978)." *Sands, supra* at 589, 467 A.2d at 213. Thus, to be sufficient, an' indictment must state the elements of the offense; the statement thereof must be specific enough to allow adequate trial preparation; and the defendant must be protected from later being placed in jeopardy again for the same offense.

The first question in this instance is whether the name of the under-thirteen victim of an aggravated felonious sexual assault is an element of the offense which must be specified in an indictment, the absence of which will render the indictment constitutionally insufficient. RSA 632-A:2, XI provides that "[a] person is guilty of a class A felony *if he engages in sexual penetration with another person . . . [w]hen the victim is less than 13 years of age."* (Emphasis added.)

RSA 625:11, III defines "'[e]lement of an offense'" as

> "such conduct, or such attendant circumstances, or such a result of conduct as:
>
> (a) Is included in the definition of the offense; or
>
> (b) Establishes the required kind of culpability; or
>
> (c) Negatives an excuse or justification for such conduct; or
>
> (d) Negatives a defense under the statute of limitations; or
>
> (e) Establishes jurisdiction or venue."

■■ Thus, as more narrowly stated, the issue to be decided is whether the name of the victim is an "attendant circumstance[ ] . . . as . . . [i]s included in the definition of the offense." We hold that it is not. The essential elements of the offense here are that the defendant must have sexually penetrated a person who was under the age of thirteen at the time of the offense. RSA 632-A:2, XI; *see also* New Hampshire Bar Association, *New Hampshire Criminal Jury Instructions,* Instruction 2.08 (1985). The indictments at issue specified exactly that. The protection of the victim from unnecessary disclosure of her identity, particularly in view of her age, is an appropriate policy concern of the State, and omission of her name from the indictment was one, though perhaps not the best, way to so protect her. *See United States v. Agone,* 302 F. Supp. 1258, 1261–62 (S.D.N.Y. 1969) (under certain circumstances not present in cited case, name of victim may properly be omitted from indictment). On the facts of this case, in which the omission of the name of the victim did not hobble the defendant's preparation of his defense, the omission does not, *per se,* render the indictment constitutionally insufficient.

■ It is clear that the defendant knew from his earliest contacts with the police who the alleged victim was, and was therefore not prejudiced in his ability to prepare to meet the charges against him at trial. *See State v. Lakin,* 128 N.H. 639, 640, 517 A.2d 846, 847 (1986). This is thus not a case where the defendant could have been confused as to the identity of the victim described in the indictments. Nor could he be put again in jeopardy for the same offenses, as he would be entitled to rely on the trial record as well as on the indictments in any subsequent attempt to prosecute him. *State v. Fennelly,* 123 N.H. 378, 388–89, 461 A.2d 1090, 1095–96 (1983). The motion to quash was therefore properly denied.

*Affirmed.*

All concurred.