■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMOS B. SCHNEIDER, Appellant.—Judgment unanimously af-

firmed. Memorandum: Defendant was convicted of rape, sodomy and attempted sexual abuse arising out of incidents involving three separate victims. Defendant argues that the indictment was factually insufficient because it did not specify the name of the victim in each count. We disagree. Defendant was also charged with tampering with a witness because the prosecutor believed that defendant had threatened the victims. Under those circumstances, the prosecutor was justified in denying defendant's request for the names of the victims *(see,* CPL 200.95 [4]). In any event, the record indicates that defendant was aware of the identity of each victim at the time of his arraignment and also when moving to dismiss the indictment. The second count of the indictment, which alleges that the sodomy occurred "during September 1985", is not jurisdictionally defective for lack of specificity *(see, People v Morris,* 61 NY2d 290; *People v Cangiano,* 156 AD2d 575, *lv denied* 75 NY2d 964; *People v Benjamin R.,* 103 AD2d 663, 665-667). The court properly allowed rebuttal testimony to contradict defendant's testimony that he was physically incapable of having an erection. That was a material issue and the court properly limited the extent of the rebuttal testimony. The proof of forcible compulsion with respect to the rape and attempted sexual abuse convictions was legally sufficient and the conviction of sodomy was not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). None of defendant's remaining contentions has merit. (Resubmission of appeal from Judgment of Cattaraugus County Court, Kelly, J. —Rape, 1st Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.