Billy STEVENS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–90–245–CR.

Court of Appeals of Texas, Eastland.

Jan. 23, 1992.

Richard C. Mabry, Abilene, for appellant.

James Eidson, Nelda Williams, Crim. Dist. Attys. Office, Abilene, for appellee.

## OPINION

DICKENSON, Justice.

The jury convicted Billy Stevens of aggravated sexual assault[1] and assessed his punishment at confinement for 37 years.[2] We affirm the conviction.

### Background Facts

The indictment alleged that appellant committed the offense on or about September 15, 1989, against "100589–040584." When the indictment was read to the jury,

---

1. TEX.PENAL CODE ANN. § 22.021 (Vernon 1989) defines the offense and declares it to be a felony of the first degree. The definition includes "penetration of the mouth of a child by the sexual organ of the actor," and it also includes "penetration of the anus ... of a child by any means." The offense becomes an aggravated offense if the child is "younger than 14 years of age."

2. TEX.PENAL CODE ANN. § 12.32 (Vernon Supp. 1992) provides that a person convicted of a felony of the first degree shall be punished by confinement for life or for any term of not less than 5 nor more than 99 years. An optional fine of not more than $10,000 is authorized in addition to confinement.

the prosecutor substituted the child's name for the numerical pseudonym at each of the four places where the indictment had used the numbers to protect the child's identity.[3] There was no objection to the substitution of the real name of the child for the numerical pseudonym. The child's real name was used throughout the testimony, in the court's charge to the jury, and in counsels' arguments. There was no complaint in the trial court to the substitution of the real name for the numerical pseudonym.

▮ The jury was free to believe the testimony of the child[4] and his mother.[5] The jury was free to reject the testimony of appellant (in which he denied the commission of the offense) and the testimony of his mother and other relatives who testified on his behalf. As an appellate court, we are required to view the evidence "in the light most favorable to the verdict" in deciding whether a rational jury could find every element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ransom v. State*, 789 S.W.2d 572 at 577 (Tex.Cr.App.1989), *cert. den'd*, — U.S. ——, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990).

### Points of Error

▮ Appellant presents two points of error which read in full as shown:

[1] The trial court erred in that the State's evidence was insufficient to support a conviction for aggravated sexual assault, *when there was a material and fatal variance between the name alleged and the name proved.*

[2] The trial court erred in holding the evidence to be sufficient when the offense charged was not the offense proved. (Emphasis added)

In connection with both points of error, appellant argues that the indictment for an offense against "100589–040584" and proof of an offense against "[the child's legal name]" constitutes a fatal variance which requires a reversal and acquittal. We disagree.

### Reasons for Decision

There was no variance between the proof and the allegations of the indictment as read to the jury. If appellant had any objection to substituting the child's legal name for the pseudonym when the indictment was read to the jury, he should have objected at that time. Tex.R.App.P. 52(a). This would have allowed the trial court an opportunity to cure the objection by requiring the State to prove that the child victim had adopted the pseudonym used in the indictment.

*Sallings v. State*, 789 S.W.2d 408 at 412 (Tex.App.—Dallas 1990, pet'n ref'd), makes it clear that a sexual assault victim's true name "was evidentiary and need not have been pleaded." As in *Sallings*, appellant and his attorney knew the victim's true name prior to trial, and there is no showing that their trial preparation was hindered in any way by use of the pseudonym in the indictment.

*Mayfield v. State*, 649 S.W.2d 361 at 362 (Tex.App.—Fort Worth 1983, pet'n ref'd), held:

Objections to a variance between the name of the complainant in the indictment and the name as shown at trial must first be raised at trial. Appellant does not point out in his brief, nor can we find in the record where appellant objected to this variance at trial. (Citation omitted)

As in *Mayfield*, appellant failed to object to the variance between the indictment and the proof as to the complainant's name.

*Ramos v. State*, 688 S.W.2d 135 at 136 (Tex.App.—Corpus Christi 1985, no pet'n), states:

The object of the doctrine of variance is to avoid surprise, and for such vari-

---

3. Tex.Code Crim.Pro.Ann. art. 57.02 (Vernon Supp. 1992) provides for the use of a "pseudonym" in order to maintain the confidentiality of the files and records of a victim of sexual assault.

4. The child was five years old at the time of the offense, and he was six years old at the time of trial.

5. She was the "outcry witness" under Tex.Code Crim.Pro.Ann. art. 38.072 (Vernon Supp.1992).

ance to be material, it must be such as to mislead the party to his prejudice.

As in *Ramos*, there is no showing that appellant was misled by the use of the pseudonym, and the record is sufficient to protect him against double jeopardy.

We find the evidence to be sufficient to support the jury's verdict finding appellant guilty of the offense of aggravated sexual assault of a child. Both points of error are overruled.

The judgment of the trial court is affirmed.