Billy Lynn STEVENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 284–92.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 13, 1993.

Richard C. Mabry, Abilene, for appellant.

James Eidson, Dist. Atty. & R. Kent Sutton, Asst. Dist. Atty., Abilene, Robert

---

**754**

Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of aggravated sexual assault and his punishment was assessed at thirty-seven years confinement. This conviction was affirmed. *Stevens v. State,* 822 S.W.2d 810 (Tex.App.—Eastland 1992). We granted discretionary review to determine whether the Court of Appeals erred by holding that the evidence was sufficient to support Appellant's conviction despite a variance between the victim's name as alleged in the indictment and the name proven at trial.

The Court of Appeals issued its opinion prior to our decision in *Ward v. State,* 829 S.W.2d 787 (Tex.Cr.App.1992). In *Ward,* this Court, in interpreting Arts. 28.10 and 28.11, V.A.C.C.P., held that an amendment to an indictment is effectuated with the permission and direction of the court, but the amendment itself "is the actual alteration of the charging instrument." *Id.* at 793. Consequently, in *Ward,* we held that the State's proof was insufficient to sustain the allegations in the indictment.

Rather than address the merits of Appellant's contention for the first time on petition for discretionary review, it is this Court's opinion that this cause should be remanded to the court of appeals for consideration of Appellant's arguments in light of *Ward.*

Therefore, we remand this cause to the Eleventh Court of Appeals for further proceedings not inconsistent with this opinion.