Tatum-JL v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-154-CR

     JAMES LEWIS TATUM,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Kaufman County, Texas
Trial Court # 95-CL-194
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant James Lewis Tatum was convicted of the misdemeanor offense of intentionally
fleeing from J. Hudnall, a peace officer, who was attempting to detain him. Tex. Penal Code
Ann. Article 38.04.
      Trial was to the court, without a jury, wherein the court found Appellant guilty as charged
and punishment was assessed at one day in jail and a fine of $300, plus costs, from which
Appellant appeals on two points of error.
      By his first point of error Appellant asserts the trial court erred in denying his motion for a
verdict of not guilty on the ground that a fatal variance existed between the pleading of the name
of the police officer and the proof at trial as to his name.
      In the case at bar, the information alleges the complainant's name as "J. Hudnall." The
complainant testified at trial that his name is "Jay Hudnall." The variance between "J. Hudnall"
in the information and "Jay Hudnall" proven at trial, is not material, prejudicial or misleading to
Appellant. Article 21.07, Texas Code of Criminal Procedure, provides in pertinent part that "in
alleging the name of the defendant or any other person necessary to be stated in the indictment,
it shall be sufficient to state one or more of the initials of the given name and the surname." The
rules with respect to allegations in an indictment and the certainty required apply also to an
information, as exists here. Tex. Code Crim. Proc. Ann. art. 21.23; see Chambless v. State,
776 S.W.2d 718, 720 (Tex. App.—Corpus Christi 1989); Mayfield v. State, 649 S.W.2d 361, 362
(Tex. App.—Fort Worth 1983, pet ref'd); Martin v. State, 541 S.W.2d 605, 606 (Tex. Crim.
App. 1976). Appellant's first point of error is overruled.
      By his second point of error Appellant contends the trial court erred in finding that the peace
officer acted within his jurisdiction in detaining and arresting Appellant.
      Jay Hudnall, a sergeant with the Criminal Investigation Division of the Van Zandt County
Sheriff's Department, was investigating Chris Furr for a theft over $20,000. There were
numerous items taken, including a portable generator and a portable welder. On April 18, 1994, 
Officer Hudnall spoke with the suspect, Chris Furr, at the Van Zandt County Sheriff's Office. 
After this, Hudnall went to Furr's residence in Kaufman County, hoping to see some of the stolen
items in plain view. Hudnall was driving an unmarked vehicle, to-wit, a 1994 Ford Explorer;
however the vehicle had emergency lights on it which could be activated. When Officer Hudnall
pulled up to Mr. Furr's residence, he (Hudnall) noticed Furr standing by a Chevrolet pickup truck. 
Furr left the pickup truck and came over to Hudnall. The Chevrolet pickup proceeded to leave
the scene. Officer Hudnall became suspicious of the Chevrolet truck as it was leaving because
Hudnall saw a portable generator and a blue welding rig in the pickup bed. Officer Hudnall
activated the emergency lights in his Ford Explorer as the Chevrolet truck sped away. A pursuit
took place for about three miles until the truck was wrecked by hitting a tree. Appellant James
Lewis Tatum jumped out of the truck he was driving. While displaying his badge, Officer Hudnall
yelled loudly, "police, stop!" Appellant ran into a wooded area. Officer Hudnall finally
apprehended Appellant some fifty yards into the wooded area.
      Appellant was charged, tried, and convicted of evading arrest or detention under article 38.04,
Texas Penal Code Ann., a misdemeanor offense under the facts before us. Article 38.04(a)
provides that "a person commits an offense if he intentionally flees from a person he knows is a
peace officer attempting lawfully to arrest or detain him."
      The case at bar falls squarely under Article 14.03(d), Texas Code of Criminal Procedure, the
pertinent part of which provides:
            (d) A peace officer who is outside his jurisdiction may arrest, without warrant,
a person who commits an offense within the officer's presence or view, if the
offense is a felony, a violation of Title 9, Chapter 42, Penal Code (not
applicable to our case), a breach of the peace, or an offense under section 49.02,
Penal Code (not applicable to our case) . . . ."
Here, Officer Hudnall, a peace officer who is outside his jurisdiction, arrested Appellant without
a warrant for a misdemeanor offense. Officer Hudnall was out of his county to investigate Mr.
Furr for felony theft, and wound up arresting Appellant Tatum for the misdemeanor offense of
evading arrest or detention. Even though Appellant evaded arrest in Officer Hudnall's presence
or view, yet the offense for which he was arrested was a misdemeanor, and does not come under
any of the statutory circumstances which would authorize the arrest under article 14.03(d) of the
Texas Code of Criminal Procedure. See G. Reamey & J. Harkins, Warrantless Arrest Jurisdiction
in Texas: An Analysis And A Proposal, 19 St. Mary's L.J. 857 (1988). We sustain Appellant's
second point of error and hold that the peace officer was without jurisdiction in detaining and
arresting Appellant. We reverse the trial court's judgment and remand the cause to the trial court.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before   Justice Cummings, and
            Justice James (Retired)
Reversed and remanded
Opinion delivered and filed February 28, 1996
Do not publish